Filed 6/21/16  P. v. Cressler CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN CRESSLER,<br><br>    Defendant and Appellant. | 2d Crim. No. B268590<br>(Super. Ct. No. 2011026931)<br>(Ventura County) |

Brian Cressler appeals a judgment adjudicating him to be a sexually violent predator ("SVP").  (Welf. & Inst. Code, § 6600 et seq.)[1]

We appointed counsel to represent Cressler in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On April 11, 2016, we advised Cressler that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On June 7, 2016, we received a response from him contending that:  1) the trial court erred by denying his motion made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118; 2) he was denied a fair trial and due process of law; and, 3) he did not receive the effective assistance of counsel.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Cressler's contentions.

---

[1] All statutory references are to the Welfare and Institutions Code unless stated otherwise.

*FACTS AND PROCEDURAL HISTORY*

On April 28, 2000, Cressler was convicted of the forcible rape of D.C. and the oral copulation of minor S.O. (Pen. Code, §§ 261, subd. (a)(2), 288a, subd. (b)(1).) The trial court sentenced Cressler to a prison term of seven years four months. (*People v. Cressler* (Super. Ct. Ventura County, 2000, No. CR48162).)

On January 7, 2007, the Ventura County prosecutor sought to commit Cressler as a SVP pursuant to section 6600 et seq. On October 7, 2008, the trial court held a probable cause hearing and thereafter ordered Cressler to be held in Coalinga State Hospital pending trial.

On November 16 and 17, 2015, the trial court conducted SVP proceedings after Cressler personally waived a jury trial. Psychologists Kathleen Longwell and Bruce Yanofsky testified at trial, as did Cressler.

Longwell testified that she interviewed Cressler seven times over a course of 10 years. She opined that Cressler suffers from paraphilia and that he meets the requirements of the SVP law. In particular, Longwell opined that Cressler lacks impulse control and, for that reason, might commit another sexually violent offense.

Yanofsky testified that he interviewed Cressler five times over a course of eight years. Yanofsky also opined that Cressler suffers from paraphilia and that he satisfies the requirements of the SVP law.

Cressler testified that he had completed many classes at the state hospital and believed that, with support from his friends and family, he could be safely released.

*DISCUSSION*

On December 2, 2014, the trial court held a *Marsden* hearing at Cressler's request. Cressler explained his reasons for requesting a different attorney and Cressler's attorney responded to the court's questions. The court then denied Cressler's request, stating that Cressler did not provide "specific detail" for his motion, which appeared to have been copied from "a book or a manual." Under the circumstances, the court did not abuse its discretion by denying Cressler's motion to substitute counsel. (*People v. Burton* (1989) 48 Cal.3d 843, 855 [standard of review].)

2

Cressler also received a fair trial and due process of law. His attorney cross-examined the prosecutor's expert witnesses; Cressler also testified on his own behalf. Matters of the credibility of witnesses and the weight to be assigned to their testimony are questions for the trier of fact. (*People v. Jackson* (2014) 58 Cal.4th 724, 749.) We do not substitute our views for those of the trier of fact. (*Ibid.*)

Factual support for Cressler's claims of the ineffective assistance of counsel is not contained within the appellate record. A reviewing court presumes that counsel acted within the wide range of reasonable professional assistance. (*People v. Mai* (2013) 57 Cal.4th 986, 1009 ["It is particularly difficult to prevail on an *appellate* claim of ineffective assistance"].)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

3

Nancy Ayers, Judge

Superior Court County of Ventura

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.